IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORMA ROGERS, ARTHUR ROGERS, and WILLIAM HALE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-3346-CV-S-RK |
| DOUGLAS GASTON, BOBBY DUNCAN JOHN DOES 1-3, and JANE DOES 1-3, | ) ) ) ) | |
| Defendants. | ) ) | |

**JUDGE GASTON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

This Court already found that Judge Gaston is entitled to absolute judicial immunity for retrospective declaratory relief related to Plaintiffs' claims surrounding the June 20, 2017, custody proceeding. *See* Doc. 16, p. 6 ("To any extent Plaintiffs' declaratory claims against Judge Gaston are retrospective in nature, they are barred by absolute judicial immunity for the reasons set forth below."). [1] The only claim remaining against Judge Gaston is for prospective declaratory relief, which should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) or (6) because Plaintiffs' claim is moot and fails to state a

---

[1] Judge Gaston has not included his arguments related to judicial immunity in the present Motion to Dismiss because the Court already held that Judge Gaston is entitled to absolute judicial immunity. *See* Doc. 16. To the extent necessary, Judge Gaston incorporates herein his arguments related to judicial immunity that were presented in his original motion to dismiss (Doc. 8) and reply (Doc. 13).

claim upon which relief can be granted.

## I. Factual and Procedural Background [2]

During the June 20, 2017, custody proceeding, Plaintiffs here, and both petitioners and respondents (K.C.'s natural parents) in the custody proceeding, were drug tested because the safety and best interests of a three-year-old child, K.C. (whose parents (respondents in the custody proceeding) were allegedly heavy users of methamphetamine and had recently absconded with her), were at stake. The Doe Defendants performed the drug tests (urine samples) and allegedly detained and restrained Plaintiffs while the results were pending. Plaintiffs Norma Rogers and William Hale left the jail that same day, and Plaintiff Arthur Rogers was released the following day after he served his one day in jail for contempt.[3] On August 21, 2018, Judge Gaston recused himself from K.C.'s custody proceeding.[4]

On September 30, 2019, Plaintiffs (Arthur and Norma Rogers and their

---

[2] *See* Case Number 17TE-PR00037 (the Texas County custody proceeding, which is identified by Plaintiffs in their First Amended Complaint (Doc. 26)). The Court can take judicial notice of the public records in the case file when considering a motion to dismiss. *See, e.g., Riley v. Dep't of Veterans Affairs*, No. 4:15-CV-00200-SRB, 2016 WL 6921626, at *1 (W.D. Mo. Mar. 9, 2016) ("In addressing a motion to dismiss, the court may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.") (Citation omitted).

[3] As Arthur Rogers was leaving the courtroom (by a doorway next to the clerks and Judge Gaston), he lunged in an aggressive manner at Judge Gaston, who then cited Rogers for criminal contempt of court (one day in the Texas County jail).

[4] *See* Case Number 17TE-PR00037, Order filed on August 21, 2018.

2

son-in-law, William Hale) filed their original Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 relating to the June 20, 2017, custody proceeding in front of Judge Gaston. Plaintiffs alleged that Judge Gaston and Defendants John and Jane Does (and now Defendant Bobby Duncan – the bailiff who allegedly escorted Plaintiffs out of Judge Gaston's courtroom on June 20, 2017) violated their constitutional rights and conspired to violate said rights by having Plaintiffs drug tested as part of the custody proceeding.

On December 13, 2019, Judge Gaston filed a motion to dismiss arguing that all Plaintiffs' claims against him should be dismissed because he is entitled to absolute judicial immunity and Plaintiffs' claim for a declaratory judgment is moot. *See* Docs. 8 and 13. On April 7, 2020, the Court issued an Order dismissing with prejudice Plaintiffs' claims against Judge Gaston for retrospective declaratory relief. (Doc. 16, p. 10). The Court found that Judge Gaston's actions were judicial acts that were not taken in the complete absence of jurisdiction. (*Id*. at 6-9). Accordingly, this Court held that absolute judicial immunity protected Judge Gaston from claims for retrospective declaratory relief. However, the Court found that Plaintiffs' claim for prospective declaratory relief was not yet moot because "Mr. Rogers' daughter, one of K.C.'s natural parents, has a criminal proceeding pending before Judge Gaston[]" and, therefore, Plaintiffs "may be chilled from attending hearings, a trial, or potential sentencing in the criminal matter because of Judge Gaston's alleged

policies." (*Id*. at 10).

Since the Court previously held that Judge Gaston is protected from claims for retrospective declaratory relief by absolute judicial immunity, and because Plaintiffs' request for a declaratory judgment is now further mooted (as will be shown below), all Plaintiffs' claims against Judge Gaston should be dismissed with prejudice, pursuant to Fed. R. Civ. Proc. 12(b)(1) or (6).

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007). A claim is plausible when the facts asserted by the plaintiff "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (citations omitted).

Further, "[i]n order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Riley v.*

*Dep't of Veterans Affairs*, No. 4:15-CV-00200-SRB, 2016 WL 6921626, at *1 (W.D. Mo. Mar. 9, 2016) (citation omitted). Finally, when "addressing a motion to dismiss, the court may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Id*.

### III. Plaintiffs' claim for prospective declaratory relief is moot.

Plaintiffs only remaining claim against Judge Gaston is for prospective declaratory relief. When addressing Plaintiffs' remaining claim for prospective declaratory relief, the Court stated in its prior Order (Doc. 16) that Plaintiffs "allege Judge Gaston has a policy and practice of drug testing and detaining non-parties, **and they seek a declaration that he must refrain from doing so in future cases in which they are not parties**." (Doc. 16, p. 9) (Emphasis added). Judge Gaston, without admitting any liability or wrongdoing, agrees not to drug test and detain Plaintiffs in future cases in which they are not parties to a case pending before Judge Gaston and are present in his courtroom.[5]

This declaration by Judge Gaston is unnecessary, however, because it is purely speculative whether Plaintiffs will ever be before Judge Gaston again,

---

[5] Judge Gaston does not agree to pay Plaintiffs' attorneys' fees or any other costs and expenses, to the extent his statement herein could somehow be construed as entitling Plaintiffs to such relief (including under 42 U.S.C. § 1988), which it does not.

5

and they certainly will never be before him for K.C.'s custody proceeding because he recused himself from that case in August 2018. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (holding prospective relief unavailable against judge because the likelihood of future encounters was speculative); *Heinfling v. Tolub*, 199 F.3d 1322 (2d Cir. 1999) (proceedings before judge concluded, so plaintiff's "claim for prospective declaratory relief regarding any future violation is now moot, as there is neither any alleged ongoing deprivation of [the plaintiff's] constitutional rights, nor an allegation that such a deprivation is imminent.").

In its Order addressing Judge Gaston's initial motion to dismiss, the Court stated that Plaintiffs' claim for prospective declaratory relief was not yet moot because "Mr. Rogers' daughter, one of K.C.'s natural parents, has a criminal proceeding pending before Judge Gaston[,]" and Plaintiffs "may be chilled from attending hearings, a trial, or potential sentencing in the criminal matter because of Judge Gaston's alleged policies." (Doc. 16, p. 10). In March 2019, Mr. Rogers' daughter's criminal case was bound over to Judge John Beger in the Texas County Circuit Court. *See State v. Ashley R. Collins*, Case No.18TE-CR00288-01. Moreover, that case concluded in April 2020. Accordingly, any claim by Plaintiffs that they will appear again in Judge Gaston's courtroom is purely speculative and their request for prospective declaratory relief should be dismissed by this Court as moot. *See Bauer v.*

6

*Texas*, 341 F.3d 352, 358 (5th Cir. 2003). ("Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

Judge Gaston recused himself from the custody proceeding even before this lawsuit was filed, and Arthur Rogers' daughter's criminal case concluded and has not been in front of Judge Gaston since March 2019. Whether Plaintiffs will ever end up in front of Judge Gaston again is pure speculation and conjecture. *See, e.g., Stevens v. Malloy*, No. 3:15-CV-934 (JCH), 2016 WL 6440112, at *6 (D. Conn. Oct. 28, 2016) ("Relatedly, any claim that he will suffer future injury—in the form of violations of his constitutional rights—is entirely speculative, in the absence of any contention that Mr. Stevens has or will have other child custody proceedings in Connecticut.").

Additionally, only one other instance of Judge Gaston's conduct (ordering the drug testing of a non-party) is cited by Plaintiffs in their First Amended Complaint, and that incident occurred back in October 2017. (Doc. 26, p. 10). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bauer*, 341 F.3d at 358. No actual controversy existed here to begin with (when Plaintiffs' original Complaint was filed), and there is certainly no controversy now since Arthur Rogers' daughter's criminal

7

case concluded and has not been in front of Judge Gaston since March 2019. [6] *See Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) ("The fact that it is most unlikely that Adams will again come into conflict with Judge McIlhany in circumstances similar to the ones presented here, and with the same results, precludes a finding that there was 'sufficient immediacy and reality here to warrant an action for declaratory relief.'").

There is no such immediate controversy here, and the Court should dismiss with prejudice Plaintiffs' claim for prospective declaratory relief because it is moot. *See Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *3 (E.D. Mo. Nov. 24, 2009) ("If there is no such immediate controversy, a claim for declaratory relief is moot and must be dismissed.").

## Conclusion

Plaintiffs' request for prospective declaratory relief is now moot because there are no known matters involving Plaintiffs or their family members pending before Judge Gaston, so Judge Gaston respectfully requests the Court dismiss all Plaintiffs' claims against him with prejudice.

---

[6] *See* this Court's prior Order (Doc. 16, p. 10) ("Therefore, Plaintiffs' claims for prospective declaratory relief are not moot, and will not be dismissed ***at this time***."). (Emphasis added).

8

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/Jack Fleming*
Jack Fleming, # 68072
Assistant Attorney General

P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-8847
Fax: (573) 751-9456
Email: jack.fleming@ago.mo.gov

**ATTORNEYS FOR DEFENDANT JUDGE GASTON**

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2020, I electronically filed the foregoing with the Clerk of the Court's ECF system, which sent notice to the following:

Anthony E. Rothert
Jessie Steffan
Kayla M. DeLoach, #72424
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
trothert@aclu-mo.org
jsteffan@aclu-mo.org
kdeloach@aclu-mo.org

Gillian R. Wilcox
ACLU of Missouri Foundation
406 West 34th Street
Suite 420

9

Kansas City, Missouri 64111
gwilcox@aclu-mo.org

Omri E. Praiss
ACLU of Missouri Foundation
906 Olive St., Suite 1130
St. Louis, MO 63110
opraiss@aclu-mo.org
*Attorneys for Plaintiffs*

AND

Portia C. Kayser, #63527
FISHER PATTERSON SAYLER & SMITH, LLP
1010 Market Street, Suite 1650
St. Louis, MO 63101
pkayser@fisherpatterson.com
*Attorneys for Defendant*
*Bobby Duncan*

                                              */s/Jack Fleming*
                                              Assistant Attorney General