UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORMA ROGERS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 6:19-cv-03346-RK |
| ) | |
| DOUGLAS GASTON, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT BOBBY DUNCAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

COMES NOW Defendant Deputy Robert Duncan, by and through undersigned counsel, and for his Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint, states as follows:

## BACKGROUND

On or about September 30, 2019, Plaintiffs filed their initial Complaint [Doc. #1], alleging that defendants Judge Douglas Gaston, John Does 1-3 and Jane Does 1-3 (collectively "Doe Defendants") violated Plaintiffs' constitutional rights. On April 1, 2020, the parties submitted a joint Proposed Scheduling Order. [Doc. #15]. The joint Proposed Scheduling Order set a deadline for Amendment of Pleadings on September 2, 2020. *Id*. On June 26, 2020, Plaintiffs requested leave to file their First Amended Complaint, Plaintiffs now identified Defendant "Bobby" Duncan as the previous "John Doe 1" in the initial Complaint. [Docs. #25, 26].

On September 22, 2020, Defendant Duncan served his initial Rule 26 disclosures and identified Jennifer Tomaszewski as the Jail Administrator who received Plaintiffs from Deputy Duncan at the jail for administration of their drug tests. [Defendant Robert Duncan's Initial Rule 26 Disclosures, Doc. #51].

Although the joint Proposed Scheduling Order was not entered by the court, all parties had complied with the outlined discovery schedule until October 7, 2020, when Plaintiffs filed a Motion for an Amended Rule 16 Order. In this order, Plaintiffs asked this Court for additional time to identify the unnamed Doe Defendants. [Doc. #52]. On October 19, 2020, Plaintiffs filed a Motion for Leave to file their Second Amended Complaint. [Docs. #54, 55]. Along with Plaintiffs' Motion for Leave, Plaintiffs attached the Proposed Second Amended Complaint as an exhibit. [Doc. #54-1]. The Proposed Second Amended Complaint names additional defendants James Sigman, James Reeves, Sharon Vaughn, Glenda Campbell, Jennifer Tomaszewski, and Pam Tripp. *Id*. The Proposed Second Amended Complaint also adds an additional count (Count V) for Failure to Intervene against defendants Duncan, Sigman, Reeves, Tomaszewski, Vaughn, Campbell, and Tripp. *Id*.

All other individuals employed at the Texas County Jail and working on the day of the incident in question could have been readily identified by Plaintiffs through the issuance of a subpoena any time over the prior year, but Plaintiffs made no effort to do so. Further, it was public record and common knowledge that James Sigman was the Sheriff of Texas County, and Jennifer Tomaszewski was the jail administrator at the time of the incident in question. Thus, Plaintiffs' late addition of other employees, and especially the addition of an entirely new cause of action, is improper more than a year into litigation and Plaintiffs' Motion for Leave should be denied.

## ARGUMENT

Plaintiffs assert that because no scheduling order has been entered in this case, the "motion to amend is govern[ed] by Rule 15(a)(2) of the Federal Rules of Civil Procedure." [Doc. #55]. This is incorrect. Joint proposed scheduling orders are considered "reports" under Federal Rule of Civil Procedure 26(f). This rule requires parties to litigation conference, in order to outline an effective

and efficient schedule for discovery. F.R.C.P. 26(f)(2)-(3). The parties must then submit that plan to the court within fourteen days. F.R.C.P. 26(f)(4); *see also* W.D. Mo. Ct. R. RK-Standing_Rule_16_Order at (2). Parties are expected to attempt in good faith to agree to a joint proposed scheduling order, or to otherwise indicate competing proposals in submissions to the court. F.R.C.P. 26(f) advisory committee's note on 1993 Amendment at *subdivision (f)*. This rule is intended to prevent discovery abuses and provide recourse when one party refuses to effect a reasonable program for discovery with the other. F.R.C.P. 26(f) advisory committee's note on 1980 Amendment at *subdivision (f)*. *See, e.g., French v. Cummins Filtration, Inc.*, 2012 WL 2992096 *2 (N.D. Iowa Jul. 19, 2012) (describing scheduling orders and discovery plans as falling within Rule 26(f)). The report, and especially the matters on which the parties agree, are of substantial value to the court in issuing a scheduling order. F.R.C.P. 16 advisory committee note on 1993 Amendment at *subdivision (b)* (describing the interplay between Rule 16 and Rule 26(f)).

The liberal amendment standard outlined in Rule 15(a)(2) must be balanced against the court's interest in enforcing its scheduling orders, including proposed scheduling orders submitted under Rule 26(f) and not yet entered by the court. *Id*. (stating that discovery deadlines provided in **both** Rule 16(b) and Rule 26(f) schedules may only be altered upon a showing of good cause); *see also,* F.R.C.P. 26(f) advisory committee's note on 2015 Amendment at *subdivision (f)* (explaining the court's role in preventing abuses and ability to address uncertainties in or disagreements regarding the proposed report). Moreover, in crafting Rule 16, the advisory committee explicitly contemplates Rule 26(f) as an essential tool in creating a scheduling order.[1] F.R.C.P. 16 advisory

---

[1] Proposed Scheduling Orders to not only impact discovery. Scheduling orders pursuant to Rule 16(b)(1) "assure[ ] that at some point both the parties and the pleadings will be fixed " and the case may proceed in a timely manner Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment.

committee's note on 1993 Amendment at *subdivision (b)*. It therefore stands to reason that the court has the same interest in enforcing an agreement between the parties, where one is reached, as in enforcing its own scheduling order; that is, the moving party must show good cause in order to justify its delay. In order to protect the strength of Rule 26(f) as a means of preventing discovery abuses and to protect the court's interest in enforcing its orders, the appropriate standard to be applied is outlined in Rule 16(b), rather than Rule 15(a)(2).[2] *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (citing *In re Milk Prod. Antitrust Litig.*, 195 F.3d at 437). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Prod. Antitrust Litig.*, 195 F.3d at 437-38 (citation omitted). This interplay is considered settled in the Eighth Circuit. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "[T]he 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot be reasonably met despite the diligence of

---

[2] Furthermore, under local Rule 16.3(b), an extension of the deadlines fixed in the scheduling order may only be granted "upon showing of good cause." Western District Local Rules 16.3(b). The local rules go on to only allow the extension of the deadline for completion of all discovery if, "(1) [t]here has been active discovery; or (2) the moving party demonstrates that disabling circumstances precluded active discovery." *Id*.

the party seeking the extension." *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D. Minn. 2000) (citation omitted).

While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, the Court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)(concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). In short, Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend." *Scheidecker*, 193 F.R.D. at 632 n.1 (citations omitted).

Plaintiffs' untimely Motion to Amend should be denied both because Plaintiffs have failed to show good cause to amend and because Defendants would be prejudiced by the Second Amended Complaint. Plaintiffs have failed to show good cause for why the scheduling order's deadline pertaining to adding parties should be extended and thus, Plaintiffs' right to file a Second Amended Complaint. The Scheduling Order submitted by the parties on April 1, 2020, gave Plaintiffs five months to identify the unnamed Doe Defendants but, instead, Plaintiffs named only Defendant Duncan, after he was identified by Judge Gaston. Plaintiffs undertook no further investigation, did not issue subpoenas to Texas County and did not identify the sheriff despite his position and identity being readily available public information. It would be disingenuous of Plaintiffs to claim that they have conducted discovery and their attempt to identify the Doe Defendants with any sort of diligence, let alone the diligence required under Rule 16(b).

Furthermore, Plaintiffs were readily aware that the time for amending their complaint under the scheduling order in place had expired when they filed their Motion for Amended Rule 16 Order. Their request of this Court for an extension was made over a month after the original date for filing of amendments had passed. Due to the readily available public information and discovery mechanisms, most notably the use of a subpoena, Plaintiffs have failed to show any sort of diligence with regard to identifying the Doe Defendants. Thus, Plaintiffs Motion for Leave to file a Second Amended Petition out of time should be denied.

The Motion to Amend should also be denied because it would result in prejudice to all Defendants. Parties cannot attempt to gain a "second bite at the apple" by amending a pleading to contain a defense or count supported by facts unchanged since the need to amend. *See Management Registry, Inc. v. A.W. Companies, Inc.*, 2020 WL 6121450 *14 (D. Minn. Jul. 29, 2020). Doing so is prejudicial to the other party because that party will be will be faced with the Hobbesian choice of spending time and money engaging in another round of discovery (e.g., deposing Defendant's corporate representative for a third time), or going to trial blind, or at least partially blind, as to Defendant's new defenses." *Brown v. Harbor Freight Tools USA, Inc.*, 2014 WL 12617431 *2 (W.D. Mo., May 6, 2014) (finding prejudice when the defendants raised a new affirmative defense, even though the plaintiffs would "have ample time for investigation"); *see also*, *Brackson v. Dolgencorp*, 2006 WL 8438277 *2 (W.D. Mo., August 22, 2006). Defendants recognize that this court has already found there would be little prejudice in extending the joint Proposed Scheduling Order's deadlines. [Doc. #57]. However, Plaintiffs' Proposed Second Amended Complaint exceeds merely identifying potential defendants; it adds an additional cause of action, while judgement on Defendants' Motions to Dismiss are pending and after a full **thirteen months** of litigating the initial causes of action. This additional count is nothing more than an attempt at

garnering a "second bite at the apple." If the Proposed Second Amended Complaint is permitted to go forward, Defendants would be forced to choose between repeating and expending additional time and energy filing and supporting another Motion to Dismiss, investigate this additional, factually unfounded claim, and then provide an addition answer to that claim. Because Defendants would be prejudiced by this additional claim, which is not predicated on any newly-discovered facts alleged by Plaintiffs, the Motion to Amend should be denied.

WHEREFORE, Defendant, Robert "Bobby" Duncan, respectfully requests this Court issue an Order denying Plaintiffs' Motion for Leave to File a Second Amended Complaint, and for such other and further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

FISHER PATTERSON SAYLER & SMITH, LLP

 */s/ Portia C. Kayser*
Portia C. Kayser, #63527
1010 Market Street, Suite 1650
St. Louis, MO 63101
314-561-3675 Phone and Facsimile
pkayser@fisherpatterson.com

*Attorneys for Defendant Robert Duncan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically with the Court this 2nd day of November, 2020, and will be served on the following via same:

Anthony E. Rothert
Jessie Steffan
Omri E. Praiss
Kayla M. DeLoach
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
trothert@aclu-mo.org

jsteffan@aclu-mo.org
opraiss@aclu-mo.org
kdeloach@aclu-mo.org

Gillian R. Wilcox
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
gwilcox@aclu-mo.org

*Attorneys for Plaintiffs*

John Patrick Fleming
Missouri Attorney General's Office-JC
P.O. Box 899
Jefferson City, Missouri 65102
jack.fleming@ago.mo.gov

*Attorneys for Douglas D. Gaston*

                                           */s/ Portia C. Kayser*

{S0504205}Page **8** of **8**

Case 6:19-cv-03346-RK   Document 59   Filed 11/02/20   Page 8 of 8