IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ROGERS, et al., )
)
          Plaintiffs, )
)
v. )
) Case No. 6:19-033460CV-RK
)
GASTON, et al., )
)
          Defendants. )
)

## ORDER DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendants Duncan, Sigman, Reeves, Vaughn, Campbell, Tomaszewski, and Tripp's ("Defendants") Motion for More Definite Statement, or in the alternative, Motion to Strike. (Doc. 66.) The motion is fully briefed. (Docs. 67, 69, 71.) After careful consideration and for the reasons below, Defendants' motion is **DENIED**.

### Background[1]

Plaintiffs Arthur and Norma Rogers and William Hale ("Plaintiffs") allege violations of 42 U.S.C. § 1983 and their First, Fourth, and Fourteenth Amendment rights, as well as Conspiracy and Failure to Intervene, against Defendants after Defendant Judge Douglas Gaston ordered Plaintiffs be removed from his courtroom gallery, held in custody, and drug tested. (Doc. 61.)[2]

Plaintiffs specifically allege Defendant Duncan "escorted" Plaintiffs from the courtroom to the jail. Duncan then turned Plaintiffs over to the custody of Defendant Tomaszewski. While in custody, "Defendant Reeves ordered Plaintiffs to urinate into a plastic cup" in order to perform the drug test Judge Gaston ordered. Defendant Reeves observed Plaintiffs Arthur Rogers and Hale "unzip[] their pants and urinate[] into the cups they had been given." Plaintiffs allege either Defendant Tomasewski, Tripp, Vaughn, or Campbell – all female officers – watched "Plaintiff Norma Rogers pull[] down her pantyhose and urinate[] into the cup she had been given."

---

[1] For a more detailed background of underlying events, see the Court's previous orders: *Rogers v. Gaston*, No. 6:19-03346-CV-RK, 2020 WL 1694796 (W.D. Mo. Apr. 7, 2020); *Rogers v. Gaston*, No. 6:19-03346-CV-RK, 2020 WL 6430399 (W.D. Mo. Nov. 2, 2020).

[2] Doc. 61 is Plaintiffs' Second Amended Complaint. All background facts are taken from the Second Amended Complaint without further reference. Throughout the remainder of the Order, "Complaint" refers to the Second Amended Complaint.

1

While Plaintiffs' urine results were pending, Defendant Reeves ordered Plaintiffs to sit on a metal bench and "placed handcuffs on them." Plaintiff Norma Rogers' "purse and jewelry were seized." Because of the prescription medications Plaintiffs were taking, their urinalysis tested positive for drugs. After the results of the drug tests came back, "Defendant Duncan led Plaintiffs, who were handcuffed, back to the courtroom, which was full of people waiting to appear in their ongoing criminal cases." Judge Gaston then ordered Plaintiffs be returned to the jail. Defendant Duncan returned the handcuffed Plaintiffs back to the jail where "Defendant Reeves restrained each Plaintiff to the bench."

Plaintiff Norma Rogers was permitted to talk to Plaintiffs' pharmacy and request a fax of their prescriptions. The prescription records were received by the jail "at approximately 12 p.m." and were shortly thereafter taken to Judge Gaston. Plaintiffs' wrists were unrestrained while they ate lunch, but Plaintiffs Hale and Norma Rogers' ankles remained cuffed to the bench. During the time Plaintiffs were restrained to the metal bench by handcuffs around their ankles, all "were numb and in pain from the unnatural position they had been placed in." Plaintiff "Hale's pain was practically unbearable." Plaintiff Hale "suffers from chronic obstructive pulmonary disease, hypertension, and diabetes, which causes neuropathy in his extremities." In order to self-manage his pain, Plaintiff Hale "has an implantable stimulator used to relieve pain by sending electric pulses through the body." During his time restrained, Plaintiff Hale "activated the stimulator" repeatedly due to the "unrelenting shooting pains he felt in his restrained leg." "Mr. Hale was told by Defendant Tomaszewski there was nothing they could do about it." At approximately 5:30 p.m., "a jail employee took pity on Mr. Hale and allowed him to elevate his foot." "Up to this point, no one working at the . . . jail . . . intervened in any way to stop [the Plaintiffs] from being restrained with ankle and/or wrist restraints." Finally, at approximately 5:45 p.m. Plaintiffs Hale and Norma Rogers were released from the jail. Plaintiff Arthur Rogers was released the next day. As a result of being restrained, Plaintiff Hale developed an ulcer on his foot requiring amputation.

In their Complaint, Plaintiffs allege five counts. Count I alleges Fourth Amendment violations by all Plaintiffs against all Defendants. Count II alleges First Amendment violations by all Plaintiffs against all Defendants. Count III alleges Fourteenth Amendment violations by Plaintiff Hale against all Defendants. Count IV alleges conspiracy by all Plaintiffs against Defendants Gaston, Duncan, Reeves, and Tomaszewski. Finally, Count V alleges failure to

intervene by all Plaintiffs against Defendants Duncan, Sigman, Reeves, Tomaszewski, Vaughn, Campbell, and Tripp.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice' of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive statement is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." "Motions for more definite statement are designed to strike at unintelligibility rather than lack of detail in the complaint." *Tinder v. Lewis Cty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001) (citing *Cox v. Maine Maritime Academy*, 122 F.R.D. 115, 116 (D. Me. 1988)). "A motion for a more definite statement should be granted 'when a party is unable to determine issues he must meet' or 'where there is a major ambiguity or omission in the complaint that renders it unanswerable.'" *Rodgers v. Knight*, No. 2:13-CV-04033-NKL, 2013 WL 12183669, at *1 (W.D. Mo. Mar. 27, 2013) (quoting *Tinder*, 207 F. Supp. 2d at 959)). "A motion for more definite statement is 'not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations' nor is it to be used 'as a substitute for discovery in trial preparation.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder*, 207 F.Supp.2d at 960). "A motion for more definite statement should only be granted where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.'" *Rodgers*, 2013 WL 12183669, at *1 (quoting *Eastman v. Cnty. of Sheridan*, 2007 WL 1814214, at *4 (D. Neb. June 21, 2007) (not reported) (internal quotes omitted)). "Motions for a more definite statement are rarely granted in light of the liberal notice pleading standard of Fed. R. Civ. P. 8." *J.R.L. ex rel. Lee v. United States*, No. 2:08CV00037 JCH, 2008 WL 4561502, at *1 (E.D. Mo. Oct. 10, 2008).

Rule 12(f) empowers the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[S]triking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). "Because Rule 12(f) motions are

3

viewed with disfavor and sometimes used as a delay tactic, courts generally agree 'that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.'" *Am. Cas. Co. of Reading, Pennsylvania*, 2014 WL 12535303, at *2 (quoting *Khamis v. Bd. of Regents, Se. Mo. State Univ.*, No. 1:09CV145RWS, 2010 WL 1936229, at *1 (E.D. Mo. May 13, 2010)). "If there is any doubt whether the matter may raise an issue, the motion to strike should be denied." *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, No. 4:11-CV-0590-FJG, 2012 WL 3961228, at *1 (W.D. Mo. Sept. 10, 2012).

## Discussion

### I. Motion for More Definite Statement

In their motion for more definite statement, Defendants argue the Complaint is unintelligible and ambiguous because it attempts to consolidate several distinct causes of action against multiple Defendants in single counts and allege "failure to intervene" claims under multiple counts. Defendants' arguments are without merit.

Plaintiffs pleaded facts sufficient to notify Defendants of the nature of the Plaintiffs' claims, the basis of those claims, and adequate provisions of constitutional rights to support their claims. *See Am. Cas. Co. of Reading, Pennsylvania*, No. 14-00494-CV-W-BP, 2014 WL 12535303, at *2. For instance, in Count I[3] of Plaintiffs' Complaint alleges Defendants Gaston, Duncan, and Tomaszewski "unlawfully seized Plaintiffs . . . when they took Plaintiffs into custody for the purpose of conducting a . . . drug urine test." (Doc. 61, ¶ 91.) Count I further alleges "Defendants Gaston, Reeves, Tomaszewski, Vaughn, Campbell, and Tripp conducted an unreasonable, highly intrusive warrantless search when they ordered them to urinate into a cup for drug testing." (*Id.*, ¶ 92.) Additionally, Count I alleges "Defendant Reeves subjected Plaintiffs to excessive force . . . when he handcuffed them by ankle and wrist to a bench and forced them to stay seated . . . for hours and for no legitimate law-enforcement purpose." (*Id.*, ¶ 93.) Finally, Count I alleges Defendants Sigman, Reeves, Tomaszewski, Vaughn, Campbell, and Tripp failed to intervene in [Defendant Reeves's] use of excessive force." (*Id.*, ¶ 94.) While arguably, these could have been separated into distinct counts, Count I is far from unintelligible. *Rodgers*, 2013 WL 12183669 at *2 (declining 12(e) relief where "statement of numbered facts [made] reasonably clear the specific actions of each Defendant that allegedly violated each Plaintiffs' rights."). As to

---

[3] Defendants' arguments are centered around Counts I, III, and V. As such, the Court does not specifically address Counts II and IV.

4

Case 6:19-cv-03346-RK   Document 73   Filed 01/15/21   Page 4 of 6

Defendants' argument that Reeves cannot be the only one who used excessive force and also be liable for failure to intervene for that use of force, the Court believes those arguments relate to the substantive merits of Plaintiffs' claims rather than the scope of the Complaint.

Count III alleges all defendants knew at "the time they took Mr. Hale into custody" that he "was susceptible to serious pain because they could see he had an implantable spinal cord stimulator that he kept using." (*Id.*, ¶ 109.) Plaintiff Hale further alleges that" [a]t least as of the time [Defendants] received Mr. Hale's pharmacy records, each of the Defendants had actual knowledge that Mr. Hale suffered from diabetes, a serious medical need." (*Id.*, ¶ 110.) From 12 p.m. when the jail received Plaintiff Hale's medical records, indicating that Plaintiffs' positive drug results were the result of prescribed medication, until Plaintiff Hale was released at approximately 5:45 p.m., Plaintiff Hale alleges "Defendants exhibited deliberate indifference to his serious medical needs, including the excruciating pain and substantial risk of lasting injury caused by his ankle restraint when they failed to act and failed to intervene when others failed to act." (*Id.*, ¶ 111.)

Count V alleges Defendants Duncan, Sigman, Reeves, Tomaszewski, Vaughn, Campbell, and Tripp all failed to intervene. Defendants' Motion contends Count V causes additional confusion and renders the Complaint unintelligible and unanswerable because there are other allegations of failure to intervene throughout the Complaint. However, Plaintiffs in Count V allege "Defendants Duncan, Sigman, Reeves, Tomaszewski, Vaughn, Campbell, and Tripp saw . . . knew . . . [and] were immediately present and aware" of constitutional violations, had an opportunity to intervene, and failed to intervene. (Doc. 61, ¶¶ 122-126.) Even if these assertions reference allegations in previous Counts, they are not unintelligible nor unanswerable as Defendants assert. The allegations are sufficient to give notice to Defendants and are not unintelligible, even with similar allegations made elsewhere in the Complaint.

For these reasons, the Court finds Plaintiffs' Complaint is not "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Most notably, in their motion and suggestions in support, Defendants seem readily able to parse out which claims apply to which Defendants, cutting against any argument of unintelligibility. Therefore, the motion for more definite statement will be denied.

## II.    Motion to Strike

The Court turns to Defendants' alternative request to strike paragraph 94 of Count I and paragraphs 111 and 112 of Count III.  A Court may strike matters from a pleading "where a plaintiff alleges multiple claims premised on the same factual allegations and seeking the same relief." *Hand v. Beach Entm't KC, LLC*, 456 F. Supp. 3d 1099, 1126 (W.D. Mo. 2020).  However, the language in *Hand* and Fed. R. Civ. P. 12(f) is permissive. *Stanbury*, 221 F.3d at 1063.  Here, Paragraph 94 of Count I goes towards Defendants' Fourth Amendment liability with respect to the use of excessive force against all Plaintiffs.  *See, e.g., Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) (confirming liability under the Fourth Amendment for officer who fails to intervene to prevent use of excessive force).  Paragraphs 111 and 112 of Count III specifically address Fourteenth Amendment violations as to Plaintiff Hale, which is not enumerated in the same manner elsewhere in the Complaint. *See, e.g., Barton v. Taber*, 820 F.3d 958, 965 (8th Cir. 2016) (complaint allegations created inference of deliberate indifference to Plaintiff's medical needs). Defendants can be found liable under multiple counts, and the paragraphs at issue are related to the counts they are contained within.  Finally, as the language of 12(f) is permissive, even if the paragraphs identified were repetitive, the Court would not find it necessary to strike them from the Complaint.  Thus, Paragraphs 94, 111, and 112 will not be stricken.

## Conclusion

After consideration and careful review, Defendants' Motion for a More Definite Statement and, in the alternative, the Motion to Strike (Doc. 66) is **DENIED**.

**IT IS SO ORDERED.**

                                         s/ Roseann A. Ketchmark
                                         ROSEANN A. KETCHMARK, JUDGE
                                         UNITED STATES DISTRICT COURT

DATED:  January 15, 2021