IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORMA ROGERS, et. al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 19-cv-3346-RK |
| DOUGLAS GASTON, et. al., | ) |
| Defendants. | ) |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO
DEFENDANT JENNIFER TOMASZEWSKI'S MOTION TO DISMISS COUNTS I, II,
IV, AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Following the denial of her Motion for a More Definite Statement, or in the alternative, a Motion to Strike, made under Fed. R. Civ. P. 12(e) and 12(f), Defendant Jennifer Tomaszewski now submits a new Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).[1] As an initial matter, Fed. R. Civ. P. 12(g)(2) precludes Tomaszewski from raising an additional Rule 12 defense in the present Motion to Dismiss. The Motion to Dismiss also fails on its merits, however, because Tomaszewski is not entitled to quasi-judicial immunity or qualified immunity and Plaintiffs have otherwise sufficiently alleged each of the claims at issue. As a result, and for the following reasons, Tomaszewski's motion should be denied.

**Factual Background**

Plaintiffs filed their initial Complaint on September 30, 2019. ECF No. 1. On June 29, 2020, Plaintiffs filed the First Amended Complaint (the "FAC"). ECF No. 26. On November 6, 2020, with leave of this Court, Plaintiffs filed a Second Amended Complaint (the "SAC"), which identified and named Tomaszewski along with other previously unknown John and Jane Does

---

[1] Although Tomaszewski's Motion to Dismiss requests dismissal of Counts I through V of the SAC, dismissal of Count III is unsupported by the accompanying documentation. ECF No. 97. Tomaszewski also submitted an answer to Count III of the SAC. ECF No. 90. Tomaszewski's Suggestions in Support of Motion to Dismiss Counts I, II, IV, and V fails to address Count III altogether. ECF No. 98. As such, any request by Tomasweski to dismiss Count III should be denied.

and added a new claim, Count V, regarding certain Defendants,' including Tomaszewski's, failure to intervene. ECF Nos. 57, 61. The SAC alleges that Tomaszewski is liable for violations of the Fourth, First, and Fourteenth Amendments, as well as for conspiracy and the failure to intervene. ECF No. 61. In lieu of an answer, Defendants Duncan, Sigman, Reaves, Vaughn, Campbell, Tomaszewski, and Tripp instead filed a Motion for a More Definite Statement, or in the alternative, a Motion to Strike (the "Motion for a More Definite Statement"), which this court denied on January 15, 2021. ECF Nos. 66, 73. The present Motion was filed on February 12, 2021.[2] ECF No. 93.

This Court previously summarized the allegations underlying this dispute. ECF No. 16 at 1-4. The pertinent allegations under the SAC relating to the issues presented by Tomaszewski's motion to dismiss are noted here and addressed below. ECF No. 61.

After being escorted from the courtroom, Plaintiffs were delivered "into the custody of former Jail Administrator, Defendant Tomaszewski." SAC at ¶ 39. "A female corrections officer (Defendant Tomaszewski, Defendant Tripp, Defendant Vaughn, or Defendant Campbell) watched while Plaintiff Norma Rogers pulled down her pantyhose and urinated into the cup she had been given." SAC at ¶ 43. After the drug test results came back, "a female corrections officer (Defendant Tomaszewski, Defendant Tripp, Defendant Vaughn, or Defendant Campbell) called the local pharmacy, handed the telephone to Plaintiff Norma Rogers, and ordered her to tell the pharmacist to send the three Plaintiffs' prescription records to the jail." SAC at ¶ 53. "Mr. Hale was told by Defendant Tomaszewski there was nothing they could do about" the pain he felt in his restrained leg. SAC at ¶ 62. "Mrs. Rogers interceded and pleaded with Defendant

---

[2] The present Motion to Dismiss could also be mooted if this Court grants Plaintiffs' pending Motion for Leave to File Third Amended Complaint. ECF No. 82. However, the substantive changes under the proposed Third Amended Complaint, namely addition of Texas County as a Defendant and allegations regarding its policy, practice, or custom, do not change the existing allegations against Tomaszewski, and therefore need not necessitate mootness or reconsideration of the present Motion to Dismiss if the proposed Third Amended Complaint is filed.

Tomaszewski to release Mr. Hale from his ankle restraint so he could get some relief." SAC at ¶ 63.

Collectively, the foregoing allegations specifically and sufficiently establish Tomaszewski's individual involvement in violation of Plaintiffs' rights and therefore the motion to dismiss should be denied. Moreover, Plaintiffs make specific allegations against Tomaszewski under each Count of the SAC, which are outlined in more depth below.

## **Legal Standard**

Rule 12(g)(2) provides, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). In other words, a party may not make a successive motion under Rule 12, including under Rule 12(b)(6), unless a specified exception applies. *See, e.g., Northstar Battery Co., LLC v. EnXergy, LLC*, No. 6:18-CV-03065-MDH, 2018 WL 5284618, at *2 (W.D. Mo. Oct. 24, 2018) (striking as improper successive 12(b)(6) motion that was omitted from prior Rule 12 motion). Rule 12(g)(2) is a "consolidation rule" which "is intended 'to eliminate unnecessary delay at the pleading stage' by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense' simultaneously rather than 'interposing these defenses and objections in piecemeal fashion.'" *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (internal citation omitted). There are only two possible exceptions to waiver under Rule 12(g)(2) that would allow a party to raise the failure to state a claim upon which relief can be granted in a successive Rule 12 motion: (i) under Rule 12(h)(2), as part of a Rule 7(a) pleading (namely, a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or a reply to an answer if court ordered), or (ii) under Rule 12(h)(3), by a Rule 12(c)

motion for judgment on the pleadings. Fed. R. Civ. P. 12(h). However, "[t]he text of Rule 12(h)(2) plainly does not allow a Rule 12(b)(6) motion to be raised at any time where the movant may answer or otherwise plead responsively." *Northstar Battery Co., LLC*, 2018 WL 5284618, at *1. Neither of the noted exceptions applies in this case.

Rule 12(b)(6) addresses the defense for failure to state a claim upon which relief can be granted. Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice" of each claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[C]ourts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir.2010) (internal citation omitted). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).

## Argument

**I.     Rule 12(g)(2) precludes Tomaszewski's successive motion to dismiss.**

Due to this being a successive Rule 12 motion by Tomaszewski, Rule 12(g)(2) governs. Under Rule 12(g)(2), a party that makes a motion under Rule 12 cannot make another Rule 12 motion raising a defense or objection for the first time that was available to the party but omitted from an earlier motion, unless the successive motion asserts the failure to state a claim as authorized by Rule 12(h)(2) (under a Rule 7(a) pleading) or Rule 12(h)(3) (by a Rule 12(c)

motion). Fed. R. Civ. P. 12(g)(2). In other words, a Rule 12(b)(6) defense that was previously available to a Defendant but omitted from an earlier motion cannot be considered if raised in a successive motion. *See Northstar Battery Co., LLC,* 2018 WL 5284618, at *1 (declining to allow a 12(b)(6) motion under the Rule 12(h)(2) exception, reasoning that "[t]he text of Rule 12(h)(2) plainly does not allow a Rule 12(b)(6) motion to be raised at any time where the movant may answer or otherwise plead responsively," and "a 12(b)(6) motion, standing alone, does not fit any of these pleadings" under Rule 7(a)). "The same is true if the defendant's first motion was a motion for a more definite statement under Rule 12(e), because Rule 12(g)(2) refers to Rule 12 as a whole and not only to Rule 12(b)." *Garrett v. Cassity*, No. 4:09CV01252 ERW, 2011 WL 3235633, at *3 (E.D. Mo. July 28, 2011) (finding that arguments had been waived due to prior Rule 12 motion; reasoning that "[m]otions ... for a more definite statement are motions under Rule 12 and thus clearly are within the language of subdivision (g)"); *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, 2013 WL 797972, at *4 (E.D. Mo. 2013) (finding that, "[b]ecause the bases for [Defendant's] present challenge were available at the time he filed the previous pleadings…the Court finds that [Defendant] failed to comply with the timing requirements of Rule 12(b), and that this failure is fatal for his Motion to Dismiss"). To the extent that a Defendant raises arguments in a Rule 12(b)(6) motion to dismiss that "could have been raised in their initial motion to dismiss and for a more definite statement, those arguments have been waived and may not be considered." *Garrett*, 2011 WL 3235633, at *3.

Here, Tomaszewski failed to comply with the requirements of Rule 12(g)(2). Tomaszewski previously filed the Motion for a More Definite Statement under Rules 12(e) and (f). The Motion for a More Definite Statement specifically addressed the SAC, without also requesting dismissal under Rule 12(b)(6). Tomaszewski could have filed the instant motion to dismiss the SAC concurrently with the prior Motion for a More Definite Statement regarding the

5
Case 6:19-cv-03346-RK   Document 113-1   Filed 02/24/21   Page 5 of 17

SAC, but she did not. *See, e.g., Garrett*, 2011 WL 3235633. This Court has ruled on the merits of the Motion for a More Definite Statement. In denying the Motion for a More Definite Statement, this Court acknowledged many of the specific allegations against Tomaszewski that are at issue in the present motion, including the allegations that Plaintiffs were turned "over to the custody of Defendant Tomaszewski," a female officer who may have been Tomaszewski watched "Plaintiff Norma Rogers pull[] down her pantyhose and urinate[] into the cup she had been given," and "Mr. Hale was told by Defendant Tomaszewski there was nothing they could do about" the pains in his restrained leg. ECF No. 73.

Now, following this Court's denial of the Motion for a More Definite Statement, instead of answering the allegations against her, Tomaszewski has impermissibly filed a separate successive motion to dismiss, which attempts to raise further defenses and objections under Rule 12(b)(6) that could have been included in her earlier Rule 12 motion. Moreover, no exception under Rule 12(h) applies. This motion is not preserved against waiver under the Rule 12(h)(2) exception, because it is not part of Tomaszewski's Rule 7(a) answer to the SAC. Nor is the motion ripe for a Rule 12(c) judgment on the pleadings qualifying it for the Rule 12(h)(3) exception, because a Rule 12(c) motion would need to be made "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Tomaszewski could have combined the Rule 12(b)(6) allegations with her prior Rule 12 Motion for a More Definite Statement, but she failed to do so, instead choosing to file another unnecessary, repetitive, and time-consuming motion to dismiss instead of an answer that has further delayed these proceedings. As a result, Tomaszewski waived her opportunity to file the present motion to dismiss and it should be denied on this basis.

**II.    Tomaszewski is not entitled to quasi-judicial immunity.**

Even if the present motion to dismiss was to survive Rule 12(g)(2) review, it fails on the merits. Tomaszewski's motion to dismiss based on quasi-judicial immunity is based on the

erroneous assumption that the SAC does not allege that Tomaszewski was involved in using excessive force to restrain Plaintiffs. To the contrary, when all of the allegations in the SAC are properly viewed in the light most favorable to Plaintiffs, it becomes clear that Plaintiffs do allege that Tomaszewski was personally involved in using excessive force to restrain them, including Mr. Hale. Discovery is ongoing. This motion is based solely on the allegations in the SAC. The operative complaint alleges that Gaston's order with respect to detaining Plaintiffs at the Texas County Jail did not include any order, much less a specific order, to use excessive force in restraining and drug testing Plaintiffs.

> **a. Tomaszewski is not entitled to absolute quasi-judicial immunity with respect to Plaintiffs' claims seeking prospective declaratory relief arising out of the unlawful drug testing of Plaintiffs.**

In its Order denying Gaston's motion to dismiss, the Court previously held that "Plaintiffs' claims for prospective declaratory relief against Judge Gaston are not barred" by judicial immunity. ECF No. 16 at 5 and 9. By definition, the same conclusion applies with respect to Plaintiffs' identical claims directed at Tomaszewski.

Thus, consistent with the Court's prior ruling, quasi-judicial immunity does not apply to Plaintiffs' claims against Tomaszewski seeking prospective declaratory relief relating to the unlawful drug testing of Plaintiffs.

> **b. Tomaszewski is not entitled to absolute quasi-judicial immunity with respect to Plaintiffs' claims arising out of Tomaszewski's use of excessive force in unlawfully restraining Plaintiffs.**

It is black letter law that "an official seeking absolute immunity 'bears the burden of showing that such immunity is justified for the function in question.' The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Smith v. Finch*, 324 F. Supp.3d 1012, 1021 (E.D. Mo. 2018) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 n.4 (1993)). Tomaszewski cannot overcome this presumption here.

Tomaszewski's argument that she is entitled to absolute quasi-judicial immunity with respect to Plaintiffs' excessive force claim is flawed for several reasons. **First**, Tomaszewski fails to challenge the allegations made regarding her personal involvement in the restraint, detention, and drug testing of Plaintiffs. Indeed, when *all* the allegations in the SAC are properly considered and viewed in the light most favorable to Plaintiffs, it becomes clear that Plaintiffs *do* allege that Tomaszewski was personally involved in using excessive force to restrain Plaintiffs, including Mr. Hale. *See Whisman v. Rinehart*, 119 F.3d 1303, 1308 (8th Cir. 1997) (affirming denial of motion to dismiss based on absolute immunity and emphasizing: "When considering a motion to dismiss, we must construe the complaint liberally and assume all factual allegations to be true. A motion to dismiss should be granted as a practical … only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.") (citations and quotations omitted).

**Second**, Tomaszewski argues that she is entitled to absolute quasi-judicial immunity because she was carrying out a judicial order by Judge Gaston. This argument, however, misses the mark because it once again ignores the crux of Plaintiffs' excessive force claim. Specifically, Plaintiffs' excessive use force is not based on Tomaszewski's conduct in simply following Gaston's order to drug test Plaintiffs. Instead, Plaintiffs' claim is based on Tomaszewski's alleged conduct in using excessive force to restrain Plaintiffs and, in particular, Mr. Hale. *See* SAC at ¶¶ 109-112.

**Third**, Tomaszewski cannot point to any specific court order directing Tomaszewski's alleged conduct in applying excessive force to restrain Plaintiffs. With respect to drug testing, Gaston stated that he is "going to require all parties to be drug tested today before you leave." SAC at ¶ 34. Significantly, as alleged, Gaston's order with respect to detaining Plaintiffs at the Texas County Jail did **not** include any order, much less a specific order, to use excessive force in

restraining Plaintiffs. As a result, Tomaszewski cannot meet her burden to be entitled to quasi-judicial immunity. *See*, *e.g.*, *Andrews v. Fuoss*, 2004 WL 5565020, at *4 (D. S.D. May 3, 2004) (denying motion for summary judgment by sheriff and stating: "Although Judge Gor's general charge to Fuoss [sheriff] that he is responsible for courtroom security may have implicitly permitted Fuoss's actions, it does not equate to a court order, nor does it qualify Fuoss's actions as being undertaken at a judge's direction. **This Court does not believe that the blanket protection provided by absolute quasi-judicial immunity should be extended to cover officials acting under such tenuous direction. Nor does the Court interpret the Eighth Circuit's holding in *Martin* to require such an extension**... Fuoss has failed to meet [his] burden in that he has not provided evidence that Judge Gohrs specifically ordered or directed him to forcibly restrain Andrews.") (emphasis added).

The Eighth Circuit's decision in *Robinson v. Freeze*, 15 F.3d 107 (8th Cir. 1994) is on point. After reviewing the Supreme Court's decision in *Antoine* and discussing common-law protections afforded to bailiffs, the Eighth Circuit "concluded that the immunity analysis turned on the nature of the actions taken by the bailiff and the role that the judge had played in authorizing and directing those actions." *Smith v. Finch*, 324 F. Supp.3d 1012, 1022 (E.D. Mo. 2018). Applying this standard, the Eighth Circuit noted that the "record does not disclose whether all of Freeze's challenged conduct was done under the trial judge's authority and direction." *Robinson*, 15 F.3d at 109. Accordingly, the Eighth Circuit remanded the case for further proceedings whereby the district court could consider the issue of absolute immunity "on a proper record." *Id*. at 109. And, in so doing, the Eighth Circuit held that the bailiff would not be entitled to immunity unless his actions "were **specifically ordered** by the trial judge and related to the judicial function." *Id*. (emphasis added). *See also Heartland Academy Comm. Church v. Waddle*, 317 F. Supp.2d 984, 1088-89 (E.D. Mo. 2004) (relying on *Robinson* in

holding that juvenile officer was not entitled to absolute quasi-judicial immunity because all his challenged conduct was not undertaken "pursuant to court orders": "the Third Amended Complaint was much broader in that it includes allegations that juveniles were removed without orders, that juvenile officers conducted oppressive interviews with juveniles and staff, that juvenile officers sent threatening letters to parents, and the Defendants participated in other instances of harassing behavior").

Similarly, the pleadings do not establish that *all* of Tomaszewski's challenged conduct was done under Gaston's "authority and direction." To the contrary, Plaintiffs' allegations in the SAC establish the opposite. While Gaston ordered the drug testing of Plaintiffs at the Texas County Jail, Gaston did not specifically order Tomaszewski or other Defendants to use excessive force in restraining or drug testing Plaintiffs. Thus, here, as in *Robinson*, this Court should, at a minimum, defer ruling on the question of whether Tomaszewski is entitled to absolute immunity until there is a proper record.

For these reasons, the Court should find that Tomaszewski is not entitled to absolute quasi-judicial immunity with respect to Plaintiffs' claims arising out of Tomaszewski's use of excessive force in unlawfully restraining and drug testing Plaintiffs.

### III. Tomaszewski is not entitled to qualified immunity.

Tomaszewski's attempt to evade liability based on qualified immunity also lacks merit. As an initial matter, qualified immunity "does not shield officials from equitable relief." *Burnham v. Ianni*, 119 F.3d 668, 688 n.7 (8th Cir. 1997) (citing *Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1984) ("There is no dispute that qualified immunity does not apply to claims for equitable relief."). Thus, Plaintiffs' claims for equitable relief, such as prospective declaratory relief, are not subject to Tomaszewski's motion to dismiss based on qualified immunity.

More fundamentally, Tomaszewski ignores the applicable standard of review applicable to a motion to dismiss (rather than motion for summary judgment) based on qualified immunity. Specifically, the Eighth Circuit has emphasized that:

> On the merits, to defeat a qualified immunity defense, plaintiff has the burden of proving that defendant's conduct violated a clearly established constitutional right. **But at the Rule 12(b)(6) stage, the issue is whether plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**.

*Stanley v. Finnegan*, 899 F.3d 623, 629 n.2 (8th Cir. 2018) (citations and internal quotations omitted) (emphasis added). Consequently, to prevail at this early stage of the proceeding, Tomaszewski "must be entitled to qualified immunity 'on the face of the complaint.'" *Id*. at 627. *See also Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996) ("We note that qualified immunity is an affirmative defense, and it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." (citations and internal quotations omitted)).

Applying the foregoing standard, courts routinely deny motions to dismiss based on qualified immunity. For example, in *Dean v. Bearden*, 2019 WL 4453711 (W.D. Mo. Sept. 17, 2019), the court denied a motion to dismiss based on qualified immunity because it was premature in that discovery was necessary to resolve the issue:

> According to the Eighth Circuit, Qualified immunity is usually raised by a motion for summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the alleged deprivation. The Court finds that whether Defendant Precythe is entitled to qualified immunity has not been proven on the face of the First Amended Complaint, and discovery is necessary to resolve this issue. Exactly what Defendant Precythe knew and when, and her actions in response to the same are facts to be developed during discovery that will impact the Court's determination with respect to qualified immunity.

*Id*. at *4 (citations and internal quotations omitted).

Similarly, in *T.S.H. v. Northwest Mo. State Univ.*, 2019 WL 4647263 (W.D. Mo. Sept. 23, 2019), the court emphasized that "[t]o conduct [the qualified immunity] inquiry, there must be additional factual development, [because] at the motion to dismiss stage, the Court is limited" to the operative complaint. *Id*. at *5. As a result, focusing solely on the allegations in the complaint, the court concluded that "Plaintiffs have alleged sufficient facts indicating that their constitutional [] rights were clearly established, and a reasonable person would have known his conduct violated those rights." *Id*.; *see also Stanley*, 899 F.3d at 628 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. The factually supported claim against Finnegan at issue on appeal lies well within that liberal pleading standard and therefore survives a Rule 12(b)(6) motion to dismiss based on qualified immunity." (citations and internal quotations omitted)).

This Court should reach the same result here. In the SAC, Plaintiffs sufficiently allege that their constitutional rights were clearly established, and a reasonable person would have known her conduct violated those rights. Specifically, Plaintiffs allege, among other things, that they were "subjected to excessive force in violation of their Fourth Amendment rights when they were handcuffed by ankle and/or wrist to a bench and forced to stay seated on a hard metal bench for hours and for no legitimate law-enforcement purpose." SAC at ¶ 121. Furthermore, Plaintiffs allege that they were detained, restrained, and drug tested in contravention of clearly established rights, as follows:

> 95. It was clearly established as of June 20, 2017, that arresting a person without a warrant or probable cause violated the Fourth Amendment.

96. It was clearly established as of June 20, 2017, that subjecting a person to a drug test without a warrant, individualized suspicion, and/or voluntary employment in a highly regulated industry violated the Fourth Amendment.

SAC at ¶¶ 95-96.[3]

Under the applicable standard of review, the foregoing allegations are sufficient to defeat Tomaszewski's motion to dismiss based on qualified immunity.

### IV. Plaintiffs state a Fourth Amendment claim against Tomaszewski in Count I.

Along with the numerous factual allegations made in the SAC previously discussed, and with all reasonable inferences made in favor of Plaintiffs as the non-movants, each of the counts of the SAC is also enumerated with sufficient specificity to survive Tomaszewski's motion to dismiss.

In Count I (which is directed at all Defendants), Plaintiffs allege that Tomaszewski was among the Defendants who violated Plaintiffs' Fourth Amendment rights. "When a governmental entity conducts urinary drug tests, those tests are considered searches under the Fourth Amendment that ordinarily would require a search warrant based on probable cause." *Jakubowicz v. Dittemore*, 2006 WL 2623210, at *4 (W.D. Mo. Sept. 12, 2006), citing *Skinner v. Ry. Labor Executives' Ass'n,* 489 U.S. 602 (1989). Here, the SAC alleges that Tomaszewski and other Defendants "conducted an unreasonable, highly intrusive warrantless search when they ordered them to urinate into a cup for drug testing inside the Texas County Jail and then carried

---

[3] The Eighth Circuit has noted that "[w]hile we do not 'define clearly established law at a high level of generality,' at the same time, 'a case directly on point' is not required." *Smith v. Conway Cty., Ark.,* 759 F.3d 853, 861 (8th Cir. 2014). Plaintiffs satisfy this standard because it is clearly established "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" to demonstrate excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). *See also Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (gathering cases to show it is clearly established that force cannot be used for the purpose of inflicting unjustified harm upon jail detainees).

out those urine drug tests without cause, in violation of Plaintiffs' Fourth Amendment rights." SAC at ¶ 92. As such, the allegations clearly demonstrate Tomaszewski's involvement and responsibility with the unlawful search and seizure of Plaintiffs that provides the basis for their Fourth Amendment claim.

V. **Plaintiffs state a First Amendment claim against Tomaszewski in Count II.**

In Count II (which is directed at multiple Defendants, including Tomaszewski), Plaintiffs specifically allege that Tomaszewski was among the Defendants who violated their First Amendment rights by restricting their ability to attend court proceedings and chilling them from further accessing the courts. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 599 (1980) (Stewart, J., concurring opinion) ("the First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal."). The SAC specifically alleges that Tomaszewski, along with other Defendants, "violated Plaintiffs' First Amendment rights when they unlawfully detained them or ordered them to be detained, restrained them, and drug tested or ordered them to be drug tested them." SAC at ¶ 101. See also SAC at ¶ 102 ("Unlawfully detaining a person, restraining him, and drug testing him are adverse actions that would chill a reasonable person from engaging in First Amendment-protected activity, including attending an open court proceeding, and have actually chilled Plaintiffs."). As such, Plaintiffs adequately establish that Tomaszewski violated their First Amendment rights.

VI. **Plaintiffs state a conspiracy claim against Tomaszewski in Count IV.**

In Count IV (which is directed at multiple Defendants, including Tomaszewski), Plaintiffs specifically allege that Tomaszewski was among the named Defendants who entered into a conspiracy. In order to prevail on a § 1983 conspiracy claim, a plaintiff must show: "(1) that the defendant conspired with others to deprive him ... of a constitutional right; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy;

and (3) that the overt act injured the plaintiff." *Solomon v. Petray*, 795 F.3d 777, 789 (8th Cir. 2015) (citation omitted) (denying qualified immunity on conspiracy claim where officer was involved with transporting plaintiff). Here, Tomaszewski was among the Defendants who allegedly "reached an unlawful agreement to deprive Plaintiffs of their constitutionally guaranteed rights under the First, Fourth, and Fourteenth Amendments" and "acted together to take Plaintiffs into custody and drug test them without lawful cause." SAC at ¶ 116. Furthermore, Tomaszewski and other Defendants allegedly "conspired further when they shared the drug test results, led Plaintiffs back up to the courtroom in handcuffs to be berated by Gaston in front of other people, and they together made Plaintiffs go back to the jail" as part of their "common, illegal plan." SAC at ¶ 117-18. Collectively, the SAC allegations enumerate: (1) the conspiratorial deprivation by Defendants of Plaintiffs' constitutional rights under the First, Fourth and Fourteenth Amendments, (2) overt acts taken by multiple Defendants, including Tomaszewski, in furtherance of this deprivation, and (3) that Plaintiffs were injured by the deprivation of rights. On the whole, the elements of a conspiracy entered into by Tomaszewski and the other Defendants are sufficiently pled by specific facts demonstrating a meeting of the minds.

### VII. Plaintiffs state a failure to intervene claim against Tomaszewski in Count V.

In Count V (which is directed at multiple Defendants, including Tomaszewski), Plaintiffs specifically allege that Tomaszewski was among the named Defendants who were present and aware of the unconstitutional use of excessive force against Plaintiffs, and yet failed to intervene. As previously discussed, Tomaszewski is not entitled to qualified immunity for her actions. *See, e.g., Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) (confirming liability and lack of qualified immunity under the Fourth Amendment for officer who fails to intervene to prevent use of excessive force). The SAC expressly alleges that the Defendants, including Tomaszewski,

"saw Plaintiffs in restraints in violation of Plaintiffs' Fourth Amendment rights," "knew that the force used against Plaintiffs was excessive," "failed to intervene in the excessive force against Plaintiffs," and "knew that handcuffing Plaintiffs by their ankles and wrists to a hard metal bench for hours would be a violation of Plaintiffs' constitutional rights." SAC at ¶ 122-26. These allegations demonstrate Tomaszewski's failure to intervene in the restraint of and use of excessive force against Plaintiffs.

For the foregoing reasons, Tomaszewski's motion to dismiss should be denied.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Omri E. Praiss, #41850 MO
Kayla M. DeLoach, #72424MO
Molly E. Carney, #70570MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org
opraiss@aclu-mo.org
kdeloach@aclu-mo.org
mcarney@aclu-mo.org

Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically and served by operation of the CM/ECF system on all counsel of record on February 24, 2021.

/s/ Anthony E Rothert