IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NORMA ROGERS, ARTHUR ROGERS, WILLIAM HALE, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS D GASTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; JANE DOE 1-3, JOHN DOE 1-3, BOBBY DUNCAN, JAMES SIGMAN, JAMES REEVES, SHARON VAUGHN, GLENDA CAMPBELL, JENNIFER TOMASZEWSKI, PAM TRIPP, <br><br> Defendants. | Case No. 6:19-03346-CV-RK |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to file a Third Amended Complaint (Doc. 82). For the reasons set forth below, that motion is **GRANTED**.

### Discussion

On November 3, 2020, the Court granted Plaintiffs leave to file a second amended complaint (Doc. 60). Plaintiffs now seek to file a third amended complaint that includes the following amendments: (1) adding Texas County as a defendant, (2) dismissing Sharon Vaughn as a defendant, and (3) correcting the spelling of the name of Defendant James Reaves. In support, Plaintiffs cite Federal Rule of Civil Procedure 15's liberal amendment standard and argue that the last day for which to seek leave to amend was February 15, 2021, the date the motion at bar was filed.

Defendants oppose the motion, correctly noting that the motion must be examined instead under the good cause standard set out in Federal Rule of Civil Procedure 16 because the motion was filed outside of the required time for joining additional parties under the scheduling order. Under Rule 15(a), the Court should freely give leave to amend when justice so requires. *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (finding "denial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the

nonmoving party can be demonstrated."). However, under Rule 16(b), a "schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Good cause is primarily measured by the movant's diligence in attempting to meet relevant deadlines. *Rahn v. Hawkns*, 464 F.3d 813, 822 (8th Cir. 2006). A court may also deny a motion to amend based on undue prejudice to the opposing party. *TrimFit LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010).

Defendants argue the motion should be denied on the grounds that (1) Plaintiffs have not exercised due diligence, (2) there are no new factual allegations to support the request for leave, and (3) Defendants will be prejudiced because they are entitled to immunity, as briefed in pending motions.

On review of the record, the Court finds Plaintiffs have established good cause for leave to amend. The amended complaint was proffered the day of the depositions of two defendants, at which time Plaintiffs represent they learned of sufficient facts to allege the County had an unconstitutional policy, showing Plaintiffs exercised due diligence. Additionally, apart from the policy, the key facts alleged in the operative complaint have not meaningfully changed, a factor weighing against a finding Defendants are prejudiced.

In so ruling, the Court recognizes Defendants have submitted substantial briefing that is moot due to the multiple amended complaints. Therefore, Plaintiffs are warned that any future motions for leave to amend will be viewed with caution, and the granting of any future motions for leave to amend may be granted with Plaintiffs bearing the costs of Defendants' associated motion practice.

2

**Conclusion**

Plaintiffs' Motion for Leave to file a Third Amended Complaint (Doc. 82) is **GRANTED,** and Plaintiffs shall file the amended complaint within five days of the date of this order. The following motions are **DENIED** as moot, pending the filing of the Third Amended Complaint: Docs. 93, 95, 97, 99, 101, 128, 134, 136, 139, 142, 144, 146, and 148. The parties may file new motions or may refile these motions to the extent the arguments presented therein are not affected by the Third Amended Complaint.

**IT IS SO ORDERED.**

                                                      s/ Roseann A. Ketchmark
                                                      ROSEANN A. KETCHMARK, JUDGE
                                                      UNITED STATES DISTRICT COURT

DATED: May 4, 2021