# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| NORMA ROGERS, ARTHUR ROGERS, WILLIAM HALE, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 6:19-cv-03346-RK |
| v. | ) ) |
| DOUGLAS D GASTON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; BOBBY DUNCAN, JAMES SIGMAN, JAMES REAVES, GLENDA CAMPBELL, JENNIFER TOMASZEWSKI, PAM TRIPP, TEXAS, MISSOURI, COUNTY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Sharon Vaughn's motion for attorney's fees. (Doc. 171.) The motion is fully briefed. (Docs. 172, 178, 200.) Ms. Vaughn seeks $5,276 in attorney's fees for costs incurred while she was a party to the lawsuit. After careful consideration, and for the reasons below, the motion is **DENIED**.

## Background

This is a 42 U.S.C. § 1983 case stemming from a June 20, 2017, child custody hearing before Judge Douglas Gaston in Texas County, Missouri, which Plaintiffs Norma and Arthur Rogers and William Hale attended. Plaintiffs alleged numerous persons (and eventually, Texas County, Missouri) violated their First, Fourth, and Fourteenth Amendment rights when, during the hearing, Judge Gaston ordered they be drug tested at the Texas County jail, where they were handcuffed to a bench for a period of time on June 20.

Plaintiffs initially filed suit on September 30, 2019, naming as defendants Judge Gaston and "John and Jane Does" as "bailiffs, sheriff or deputy sheriffs, and/or jail employees of the Texas County Sheriff's Office." (Doc. 1 at 2.) In a second-amended complaint filed on November 6, 2020, Plaintiffs for the first time named several individual defendants, including Sharon Vaughn. (Doc. 61.) As to Ms. Vaughn, Plaintiffs alleged "[a]t the time of the incidents alleged in this Complaint, Defendant Sharon Vaughn was a corrections officer employed by the Texas County

Sheriff's Office" and she was "on duty from 8 a.m. to 4 p.m. on June 20, 2020. (*Id.* at 3, ¶ 10.) The second-amended complaint asserted four counts against Ms. Vaughn for violation of Plaintiffs' First and Fourteenth Amendment rights.

On November 20, 2020, counsel entered an appearance on Ms. Vaughn's behalf. (Doc. 65.)[1] On January 22, 2021 (after the Court had denied a motion for more definite statement), Ms. Vaughn filed a motion for an extension of time to respond or reply to Plaintiffs' second-amended complaint. (Doc. 74.) The Court granted the motion on February 5, 2021, ordering responsive pleadings be filed by February 12, 2021. (Doc. 81.)

On the same date (February 5), Plaintiffs filed a motion seeking leave to file a third-amended complaint under Federal Rule of Civil Procedure 15(a)(2). (Doc. 82.) Plaintiffs proposed adding Texas County as a defendant and dropping Ms. Vaughn as a defendant. (*Id.*)[2] Plaintiffs stated in the motion it sought to do so "as a result of depositions conducted today, which revealed new evidence." (Doc. 82 at 1, ¶ 1.)

Ms. Vaughn filed an answer to Plaintiffs' second-amended complaint on February 12, 2021, as well as a motion to dismiss (joined by Defendants Campbell and Tripp). (Docs. 92, 99.) Ms. Vaughn, through counsel, engaged in discovery and filed an opposition to Plaintiffs' motion for leave to file a third-amended complaint. (Docs. 104, 105.) Ms. Vaughn (joined by various other defendants) opposed Plaintiffs' request for leave to file a third-amended complaint because it was untimely and argued Plaintiffs did not satisfy the showing of "good cause" required under Rule 16(b) because the motion to amend was untimely under the scheduling order. (Doc. 105.)

On February 24, 2021, Plaintiffs filed suggestions opposing the motion to dismiss Ms. Vaughn and Defendants Campbell and Tripp. (Doc. 114.) A reply in support of Ms. Vaughn and Defendants Campbell and Tripp's motion to dismiss was filed on March 10, 2021. (Doc. 126.)

Ms. Vaughn filed a motion for summary judgment and attorney's fees on April 29, 2021. (Doc. 137.) (This was one day prior to the dispositive motions deadline after the Court granted a consent motion by Plaintiffs to extend the case management deadlines.)

---

[1] Counsel for Ms. Vaughn also entered her appearance on behalf of Defendants Glenda Campbell, James Reeves, James Sigman, Jennifer Tomaszewski, and Pam Tripp. (Doc. 65.)

[2] The proposed third-amended complaint, attached to the motion, did not include Ms. Vaughn as a defendant. (Doc. 82-1.)

2

Finally, on May 4, 2021, the Court granted Plaintiffs' motion for leave to file a third-amended complaint (Doc. 152), which Plaintiffs filed on the same day. (Doc. 154.) Ms. Vaughn was not named as a defendant in Plaintiffs' third-amended complaint.

Ms. Vaughn contends Plaintiffs learned in a deposition held on February 5, 2021, that Ms. Vaughn was a temporary receptionist at the courthouse for approximately three months during the summer of 2017 and had no involvement with Plaintiffs.[3]

## Discussion

Ms. Vaughn contends she should be awarded attorney's fees as a prevailing party pursuant to 42 U.S.C. § 1988. Specifically, Ms. Vaughn seeks attorney's fees for legal work after February 5, 2021, when she contends Plaintiffs discovered facts she had no involvement with Plaintiffs and did not work at the jail, but Plaintiffs did not voluntarily dismiss her as a party. She argues Plaintiffs should have, but failed to, dismiss her under Federal Rule of Civil Procedure 41 and, as a result, she was required to file numerous pleadings and motions. Plaintiffs argue they timely sought to remove Ms. Vaughn from the case by filing a motion for leave to file a third-amended complaint on February 5, and based on the procedural posture of the case at that time, Plaintiffs could not properly dismiss Ms. Vaughn under Rule 41.

Under the "American Rule" system in the United States, each party is generally required to cover the cost of their own legal expenses regardless of the outcome of the case. *See Fox v. Vice*, 563 U.S. 826, 832 (2011). However, Congress has allowed courts to deviate from this rule and shift fees from one party to the other under certain circumstances. *Id.* In the context of a claim brought under 42 U.S.C. § 1983 for violations of constitutional rights, Congress allows courts to award "the prevailing party" "a reasonable attorney's fee." 42 U.S.C. § 1988(b). In the context of this fee-shifting statute, the Supreme Court has held the term "prevailing party" means, in essence, "one who has been awarded some relief by the court":

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed. 1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <In certain cases, the court will award attorney's fees to the prevailing party.>. – Also termed *successful party*."

---

[3] In their motion opposing Ms. Vaughn's request for attorney's fees, Plaintiffs acknowledge, "On February 5, 2021, Plaintiffs learned at [Ms.] Vaughn's deposition that she had never worked at the jail." (Doc. 178 at 1.)

3

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Serv.*, 532 U.S. 598, 603 (2001). The Supreme Court explained § 1988 has generally applied to court-ordered consent decrees enforcing settlement agreements and enforceable judgments on the merits on one end of the spectrum and does not apply, on the other end of the spectrum, to a favorable outcome (in *Buckhannon*, "a voluntary change in the defendant's conduct") lacking a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. The Supreme Court reasoned:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. . . . [T]he term "prevailing party" [does not] authoriz[e] an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Id.* While one's status as a prevailing party does not depend solely on receiving a merits ruling, *see CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016), some substantive result is required. In this way, generally, a defendant is not entitled to attorney's fees as a prevailing party under § 1988 where a plaintiff voluntarily dismisses claims against the defendant "without obtaining any concession on the merits from [defendants] or a judicial determination of substantial rights." *ACORN v. Wallis*, 717 F.2d 451, 453 (8th Cir. 1983).

Both parties seem to presume Ms. Vaughn is a "prevailing party" under the circumstances of this case. The Court disagrees.

In this case, Plaintiffs filed a motion seeking leave to amend their complaint for a third time under Federal Rule of Civil Procedure 15(a)(2).[4] Plaintiffs sought leave to amend their complaint to, in part, "drop Sharon Vaughn as a defendant" because of information they learned in "depositions conducted today, which revealed new evidence." (Doc. 82 at 1, ¶ 1.) The Court ultimately granted Plaintiffs' motion. (Doc. 152.)

It is a well-settled principle that "[w]hen a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). There may have been more than one avenue to effectuate Ms. Vaughn's removal from this case. *See, e.g.*, 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

---

[4] Rule 15(a)(2) provides: "a party may amend its pleading [if not as a matter of course under Rule 15(a)(1)] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

§ 2362 (4th ed. 2021) (noting "'it may not be material whether the court acts under Rule 15(a) which relates to pleading amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2),'" but that "[t]he power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power") (quoting *Johnson v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966)).

The outcome as to Ms. Vaughn in this case is most akin, if comparable at all to any other rule, a voluntary dismissal under Rule 41(a).[5] Plaintiffs sought to (voluntarily) effect Ms. Vaughn's removal as a defendant by asking the Court for leave to amend their complaint to both add a defendant (Texas County, Missouri) and to remove Ms. Vaughn. Ms. Vaughn's termination as a defendant in this action was not involuntary as to Plaintiffs. Once Plaintiffs learned facts that Ms. Vaughn should not be involved as a defendant in this action apparently from depositions conducted on February 5, Plaintiffs immediately moved to effectuate that outcome. The filing of a third-amended complaint that does not include claims against Ms. Vaughn lacks the "necessary judicial imprimatur" regarding the lack of claims brought against Ms. Vaughn in this matter as it exists under the third-amended complaint to make her a prevailing party in this § 1983 action for purposes of § 1988 fee shifting.

Ms. Vaughn (along with other defendants) opposed Plaintiffs' motion for leave to amend on the basis it was untimely and they failed to show "good cause" under Rule 16(b). None of the defendants who opposed Plaintiffs' motion for leave to amend their complaint, let alone Ms. Vaughn herself, otherwise objected to or challenged the propriety of Plaintiffs' request under Rule 15 to amend their pleadings in the desired manner. Ms. Vaughn simply noted that she "could simply be dismissed." (Doc. 114 at 2.) When it was filed, the third-amended complaint superseded in all respects the second-amended complaint. *See Atlas*, 209 F.3d at 1067. Under these

---

[5] Indeed, if Plaintiffs had moved under Rule 41(a) to voluntarily dismiss Ms. Vaughn – as Ms. Vaughn forcefully argues they should have done – it is likely Ms. Vaughn would not have been a "prevailing party" under those circumstances, either. Voluntary dismissal under Rule 41(a) either without court order or with a court order is by default without prejudice. A defendant voluntarily dismissed without prejudice is not a prevailing party for purposes of fee-shifting statutes. *See SnugglyCat, Inc. v. Opfer Comms., Inc.*, 953 F.3d 522, 527 (8th Cir. 2020) (party voluntarily dismissed by court order under Rule 41(a)(2) is not "prevailing party" under Lanham Act for recovery of attorney's fees); *United States v. Dougherty*, 486 F. App'x 621, 621-22 (8th Cir. 2012) (party dismissed under Rule 41(a)(1)(A) not prevailing party for purposes of fee-shifting statute). Nonetheless, Plaintiffs moved for leave to amend under Rule 15 (which Ms. Vaughn did not oppose on procedural grounds), which was granted. The third-amended complaint, superseding the second-amended complaint, did not assert any claims against Ms. Vaughn or name her as a defendant in this matter.

5

circumstances, based on Plaintiffs seeking and receiving leave to file an amended complaint in which Ms. Vaughn was no longer a named defendant, Ms. Vaughn is not a "prevailing party" under § 1988. These circumstances lack a "judicially sanctioned change in the legal relationship of the parties" of a nature under which one receiving a favorable outcome can be said to be a "prevailing party."

Even if Ms. Vaughn were a prevailing party, the Court would still decline to award attorney's fees under § 1988. Awarding attorney's fees under § 1988(b) is discretionary with the Court. Ms. Vaughn seeks recovery of attorney's fees for legal work during the period of time between Plaintiffs' motion for leave to amend the complaint and the Court's order granting Plaintiffs' leave to file a third-amended complaint. Plaintiffs' motion for leave was filed the same day Plaintiffs discovered facts justifying her removal as a defendant.

Ms. Vaughn argues, in effect, Plaintiffs could *only* accomplish the removal of Ms. Vaughn by filing a motion under Federal Rule of Civil Procedure 41. Plaintiffs contend in response Rule 41 is not the appropriate rule to remove a party as a defendant. As noted above, even if Plaintiffs had utilized Rule 41, it is doubtful Ms. Vaughn would be able to seek attorney's fees as a prevailing party. Nonetheless, in the Eighth Circuit "a defendant may recover fees under § 1988 only upon 'well-supported findings' that the lawsuit was 'frivolous, unfounded, and vexatiously brought and pursued.'" *Waters v. City of St. Peters*, No. 4:06CV876SNL, 2007 WL 1880740, at *2 (E.D. Mo. June 29, 2007) (quoting *Davis v. City of Charleston, Mo.*, 917 F.2d 1502, 1505 (8th Cir. 1990)). Additionally, "[d]efendants can also recover attorney's fees when a plaintiff continues to litigate after it becomes clear his claim is frivolous, unreasonable or groundless." *Hamidi v. City of Kirksville*, No. 2:14CV00087 ERW, 2016 WL 6563470, at *2 (E.D. Mo. Nov. 4, 2016) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 423 (1978)).

Ms. Vaughn does not contend the claims originally asserted against her in the second-amended complaint were frivolous, unreasonable, or groundless at the time the second-amended complaint was filed. In fact, she explicitly acknowledges in her reply that she does *not* make this argument. Rather, Ms. Vaughn argues she should recover attorney's fees for the period between February 5 and when Ms. Vaughn was removed from the action on May 4, 2021, by operation of Plaintiffs' filing the third-amended complaint. Ms. Vaughn does not argue, however, nor does the record reflect, Plaintiffs *continued to litigate* their claims against Ms. Vaughn after February 5. Significantly, on February 5, Plaintiffs filed a motion seeking leave to file a third-amended

6

complaint with no claims against Ms. Vaughn. In this instance, it was not Plaintiffs' continued litigation of its claims against Ms. Vaughn (or Plaintiffs' counsel's complete lack of action) for which Ms. Vaugh filed pleadings and engaged in motions practice and discovery in accordance with the case management order then in effect. Ms. Vaughn does not argue, for instance, and the record does not reflect Plaintiffs engaged in further discovery regarding Ms. Vaughn after February 5 or otherwise, or actively litigated their case against Ms. Vaughn in some fashion. Instead, it was the mere passage of time between Plaintiffs' motion for leave to amend the complaint and the Court's order granting that motion.

Under these circumstances, even if Ms. Vaughn were a "prevailing party" under the fee-shifting statute, the Court does not find she should be awarded attorney's fees under § 1988 for the period of time between Plaintiffs' motion for leave to amend the complaint (under which no claims would be asserted against Ms. Vaughn) and the Court's granting of that motion. None of the defendants, including Ms. Vaughn, challenged Plaintiffs' motion for leave to amend the complaint under Rule 15 on procedural grounds. Plaintiffs' motion was filed the same day the parties agree facts were discovered warranting the removal of Ms. Vaughn in this action.

## Conclusion

After careful consideration, and for the reasons explained above, Ms. Vaughn's motion for attorney's fees under 42 U.S.C. § 1988 is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: October 20, 2021